IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PAUL GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-00605-CB |
| | ) | |
| v. | ) | Hon. Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION FOR EXTENSION OF TIME TO SERVE AND FOR LEAVE TO SERVE DEFENDANT ANTHONY MORENO BY ALTERNATIVE MEANS

I, John Paul Gomez, proceeding pro se, respectfully moves the Court to:

(1) Extend the deadline under Fed. R. Civ. P. 4(m) to complete service upon Defendant Anthony Moreno, and (2) Grant leave to effect service by alternative means pursuant to Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 430.

**In support thereof, I state as follows:**

1. On July 30, August 1, and August 2, 2025, a private process server attempted to personally serve Defendant Anthony Moreno at his last known address, 3932 McClure Avenue, Pittsburgh, PA 15212.

2. As detailed in the filed Affidavit of Non-Service (Doc. 27-1—incorporated herein as fully set forth in length), four service attempts were made over three days, all unsuccessful. Although no individual responded, indications of occupancy (e.g., barking dog) were observed. *Id*.

3. It cost me an additional $225.00 to hire private server, $50.00 to make copies of the motions—not including the initial mailing and service of forms AO 398/399. Now, I will have to anticipate additional printing and mailing costs to effectuate alternative service should the Court grant this motion.

1

4. On August 4, 2025, I sought consent to file this motion. Counsel for the City of Pittsburgh Ms. Weaver, responded stating, "The City has no position on this issue. We do not represent Anthony Moreno."

5. Based on this pattern, both the City and Defendant Moreno are actively avoiding service as tactical evasion.

6. In the City of Pittsburgh's Unopposed Motion to Extend Deadline (Doc. 22), Defendant Moreno is not included among those for whom the City has accepted representation, despite specific factual allegations establishing his represented status as a City employee at the time of the events at issue.

7. The City's disavowal of Moreno and the inability to reach him through personal service suggest deliberate evasion and obstruct the ability to complete service through conventional methods.

8. According to the City's motion, waivers of service were mailed on July 10, 2025, including one to Moreno at the same address where the waivers for Detectives Bertan and Castanzo were delivered: 1200 Western Avenue. *Id*. Despite this, no acknowledgment was made as to Moreno.

9. Defendant Moreno is a public figure and active mayoral candidate. Public campaign activity—including a recent Facebook post dated July 31, 2025—demonstrates his accessibility to the public. Nevertheless, he has not responded to any service attempts.

10. Despite retiring from the Pittsburgh Bureau of Police in 2018, I alleged Moreno held himself out as an active PBP officer in 2019 to interfere in a family court proceeding involving me and my then 14-year-old son. See Am. Compl. ¶¶ 27–28, 33–34.

11. On May 27, 2025 and June 27, 2025 email correspondence with counsels, as part of the

Court's meet-and-confer order, I provided all three defense counsels with:[1]

- Exhibit A – *Commonwealth v. Dagmar D. Dyer*, MJ-05003-NT-0007755-2019
- Exhibit B – *Commonwealth v. Dagmar D. Dyer*, MJ-05003-CR-0008040-2019

12. On June 26, 2025, I provided the City's counsel with the court documents identifying Moreno as the reporting PBP officer in connection with the October 1, 2019 weapons-in-courthouse incident. In response, counsel Ms. Koren stated an intent to diverge from earlier cooperation, suggesting a motion for vexatious litigant status due to my continued reference to Moreno.

13. On June 27, 2025, counsel Mr. Goodrich asserted via email that the "Anthony Moreno" involved was a deputy sheriff[2], not a PBP officer, referencing Moreno's 2018 retirement and stating it was "impossible" for the claims to be accurate. However, this assertion conflicts with the paperwork attached and provided counsels—consisting of official court records and Moreno's own representations as PBP Officer in 2019 regarding events that occurred in Allegheny County, Pennsylvania—not any other jurisdiction such as Athens County, Ohio.[3]

14. Defense counsel has indicated no willingness to consent to this motion. In light of the City and County's continued denial of Moreno's involvement—despite documentary evidence and court filings implicating him—I submit that good cause exists for alternative service.

15. Additionally, to date, AO 399 forms have not been returned by the City as to Detectives Bertan and Castanzo. I have requested that counsels for the City return same with the enclosed priority mail envelope or via email preferably, so I can file them to document proper service on

---

[1] This record is filed Under Seal to a pending appeal in the Sixth Circuit Court of Appeals, Case No. 24-2653. As such, I submit same under seal herein.

[2] Allegheny County has accepted service on behalf of Deputy Anthony Moreno, who is currently identified as serving in the capacity of a Sheriff's Deputy.

[3] I respectfully maintain this Honorable Court has both personal and subject matter jurisdiction over former detective and PBP Officer, Anthony Moreno aka "Tony Moreno" for events that occurred in Allegheny County, Pennsylvania.

3

the docket.

16. Under Fed. R. Civ. P. 4(m), courts may extend the service deadline for good cause or in the exercise of discretion. Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 430 further authorizes service by alternative means when personal service is impracticable.

17. If the 90-day service period is calculated from the original complaint's filing date, this motion is timely submitted ahead of the August 4, 2025 deadline. Alternatively, if the operative amended complaint filed tolls that deadline, I remain within the permissible timeframe to continue diligent efforts to serve Moreno.

18. I have exercised diligence and good faith, initiating prompt service attempts and filing Affidavit of non-service documenting the difficulties in serving Defendant Moreno.

19. Granting this motion will preserve judicial resources and ensure that all named Defendants have the opportunity to respond, consistent with Rule 1 of the Federal Rules of Civil Procedure.

20. Dismissing a potentially liable defendant based on avoidable procedural technicalities would undermine the Court's obligation to adjudicate claims on their merits. The alternative methods of service proposed herein are consistent with the constitutional standard articulated by the Supreme Court, which requires that "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). (Emphasis added.)

21. In light of these facts, I respectfully request that the Court authorize alternative service under Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 430 or, in the alternative, grant an extension of time under Rule 4(m).

22. To be sure, the Third Circuit has developed a two-pronged inquiry to determine whether such an extension is warranted. First, whether "good cause exists for the failure to have effected service in a timely manner." If so, the extension must be granted. If good cause is lacking, "the court still may grant the extension in the sound exercise of its discretion." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196–97 (3d Cir. 1998) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995), and *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)).

23. I respectfully submit that both prongs are satisfied in this case. I have acted diligently and in good faith, taking reasonable steps to identify and serve all named Defendants. Moreover, the interests of justice favor resolution of the claims on their merits and weigh against piecemeal litigation or dismissal based on curable procedural obstacles.

**WHEREFORE,** I respectfully request that the Honorable Court:

A. Extend the time for service upon Defendant Anthony Moreno under Fed. R. Civ. P. 4(m) by 60 days from the time of the Court's ruling on this motion; and

B. Grant leave to serve by alternative means, including but not limited to: Certified and priority mail to his last known address; and campaign email address;

C. Service through his last known employer, the City of Pittsburgh, if the Court deems it appropriate; or Service by publication as a last resort, if all else fails;

D. Or any other means the Court deems just and proper.

E. Enter and Order to Seal Exhibits A and B (Sixth Cir. Docs Nos. 95-1 and 2 Under Seal.

August 4, 2025                                Respectfully submitted,

                                                s/John Paul Gomez_____
                                                John Paul Gomez (Pro Se)
                                                3313 Kathy Drive
                                                Pittsburgh, PA 15204
                                                (412) 608-7531
                                                jpgomez9877@gmail.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served via ECF notification upon counsel for all counsel currently on record on August 4, 2025.

                                         Respectfully submitted,

                                         s/John Paul Gomez
                                         John Paul Gomez (Pro Se)
                                         3313 Kathy Drive
                                         Pittsburgh, PA 15204
                                         (412) 608-7531
                                         jpgomez9877@gmail.com