IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PAUL GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-00605-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The pending Motions are resolved as follows.

**Doc. 21 – Plaintiff's Motion for Reconsideration of the Order dated July 16, 2025 (Doc. 20)**

Although Plaintiff lists the standards governing reconsideration, his Motion meets none of them. There has been no intervening change in law, no new evidence previously unavailable and no clear error of fact or law. The Motion (**Doc. 21**) is **DENIED**.

**The Motions Regarding *Detective* Moreno and *Deputy* Moreno**

Two putative Defendants share the name Anthony Moreno. One is a former City police detective ("*Detective* Moreno"), and the other is or was an Allegheny County Sheriff's Office deputy ("*Deputy* Moreno").

In a recent filing, the solicitor for the Sheriff's Office proposes that *Deputy* Moreno's deadline to plead or otherwise respond be set for **September 16, 2025**, *see* Doc. 48 at ⁋ 8, and the request is **GRANTED**. The other Motions regarding service of Deputy Moreno (**Docs. 38 and 43**) are **DENIED AS MOOT**.

Default has been entered against *Detective* Moreno. Doc. 51. The Clerk of Court entered default in the form requested by Plaintiff. *Id.* Counsel for multiple Defendants assert that *Detective* Moreno had no involvement in the incidents leading to this lawsuit. If they are correct, it is not entirely unsurprising Detective Moreno has not responded. Given the entry of default, Plaintiff's Motion (**Doc. 30**) for alternative service is **DENIED AS MOOT**.

The City's Motion (Doc. 52) to correct the Default, to eliminate reference to the official capacity claims, will be granted. That Plaintiff, one day later, vociferously opposed the Motion reveals fundamental misunderstandings regarding official capacity claims and the practical effects of a default.

Placing aside Defendants' indication that this Anthony Moreno had no involvement, the official capacity claims are against the City not the individual. As of the Default, the City's deadline to plead or otherwise respond had not expired. *See* Doc. 24. Default cannot be entered against the City under the rubric of the official capacity claim.

The entry of Default against Detective Moreno in his individual capacity presently has no effect. Plaintiff's damages, if any, are unliquidated. A hearing on damages would be required before any can be awarded. In a multi-defendant case, it is the Court's standard practice to defer a determination on damages until the putative liability of the remaining defendants is adjudicated. There is even less chance the Court will order a damages hearing, here, given the doubt as to whether Detective Moreno was involved.

The City's Motion (**Doc. 52**) regarding Default is **GRANTED**, as follows: reference to the **official capacity claims** in the final paragraph of the Default (**Doc. 51**) is **STRICKEN**. The paragraph now reads: *"It is hereby ORDERED that default [is] entered against Defendant Detective Anthony Moreno in his individual capacity."*

2

**Doc. 49 – Plaintiff's Motion for Access to the County's Pre-Errata Brief at Doc. 41**

Defendant mistakenly filed a draft brief at Doc. 41, and an Errata – the following day – at Doc. 42. Plaintiff reviewed the filing at Doc. 41, but did not save the file. Doc. 49 at ¶ 1. He must have been rather excited, given his belief that the draft contained a "material admission[]" that his ex-wife possessed a firearm during the 2019 incident. *Id.* at ¶ 5.

Plaintiff's excitement is misplaced. Although Doc. 41 has been removed from public view, the Court has adjusted its security-level so that Plaintiff – as a "Case Participant" – has access.[1] Comparing the relevant passage of Doc. 41 to the publicly-available Doc. 42, it is clear that the former's omission of the word "not" was unintentional. Doc. 41 read:

> While [Plaintiff] claims that [his ex-wife] possibly . . . possessed a firearm, Deputy Moreno's report does state that [she] had a firearm in her possession.

The revised version reads,

> While [Plaintiff] claims that [his ex-wife] possibly . . . possessed a firearm, Deputy Moreno's report does **not** state that [she] possessed a firearm.

*Id.* at ECF-header pg. 3 of 13 (emphasis added).

Only with the inclusion of the word "not" does the clause – "[w]hile [Plaintiff] claims that [his ex-wife] possibly . . . possessed a firearm" – make sense. The entire discussion is moot, though, because the best evidence of the report's contents are the report itself. U.S. v. Sutter, 62 U.S. 170, 175 (1858). That a brief says otherwise, intentionally or accidentally, changes nothing.

---

[1] Plaintiff's Motion (Doc. 49) and *his now-renewed Motion* (Doc. 56) are **DENIED AS MOOT**.

The County's use of the "Errata" event was permissible. This is not a "gotcha" Court, where a slip of the tongue or keyboard resolves an issue in the opponent's favor. There are arguments raised in the County's Motion to Dismiss, moreover, that – if successful – will derail Plaintiff's claims well before the present matter is reached. *See* Doc. 42 at pgs. 8-9 of 13 (in Pennsylvania, the statute of limitations for a Section 1983 claims is two years, and the relevant events, here, transpired in 2019).

\* \* \*

Plaintiff's pettifoggery, coupled with the overestimation of his legal prowess,[2] has led to an inordinate – and disproportionate – expenditure of resources. Similar patterns have resulted in him being deemed a vexatious litigant in multiple jurisdictions. Limitations of knowledge and comprehension have hampered the picking of battles, realistic assessments regarding the likelihood of success and even what a "success" would be. As a result, every disagreement has degenerated into the legal equivalent of a bare-knuckle brawl.

The Court has hundreds of active cases, and this one has not yet cleared the pleadings stage. The volume of filings made, and rulings required, is unsustainable. If things continue this way, adjustments will be made. Plaintiff should not be surprised when unsupportable requests and positions are denied with little or no explanation. Counsel may tailor their responses, or not respond, to untenable or impertinent requests and positions.

---

[2] *See* Doc. 43 at ⁋ 6 (touting Plaintiff's "nearly two decades of experience filing motions and pleadings"). To the extent that Plaintiff's two decades of experience emanates from the same child-custody disputes – regarding his *now-adult children* – therein seemingly lies a problem.

Motions to Dismiss has been filed, and others will follow.  Plaintiff should focus his energies on his anticipated response in opposition.  Once all the motions are in, the Court will enter an order setting a deadline for Plaintiff to file a single, omnibus response.  The Court independently will determine, based on Defendants' collective submissions, whether an extension of his page-limitation is warranted.  Nothing more need, or should, be filed by Plaintiff in the interim.

These instructions are made pursuant to the Court's inherent authority to control its docket.  Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013).

IT IS SO ORDERED.

September 8, 2025                                s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

John Paul Gomez (ECF-registered)